IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRYAN JOSEPH HARVEY         §
                            §
        Petitioner,         §
                            §
VS.                         §
                            §  NO. 3-07-CV-1481-P
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
                            §
        Respondent.         §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Bryan Joseph Harvey, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A Dallas County grand jury indicted petitioner for intoxication manslaughter. Following a bench trial, petitioner was convicted of the lesser-included offense of criminally negligent homicide with a deadly weapon. Punishment, enhanced by a prior felony conviction, was assessed at 12 years confinement.[1] His conviction and sentence were affirmed on direct appeal. *Harvey v. State*, No. 05-04-00966-CR, 2005 WL 1744941 (Tex. App.--Dallas, Jul. 26, 2005, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied

---

[1] Criminally negligent homicide is a state jail felony punishable by confinement for a term not to exceed two years. *See* TEX. PENAL CODE ANN. §§ 19.05(b) & 12.35(a) (Vernon 2003 & Supp. 2007). Because petitioner had a prior felony conviction, the trial court was authorized to impose an enhanced punishment of up to 20 years confinement. *See* TEX. PENAL CODE ANN. §§ 12.42(a)(2) & 12.33.

without written order. *Ex parte Harvey*, No. 67,664-01 (Tex. Crim. App. Jun. 20, 2007). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that the evidence was insufficient to support his conviction.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). Federal habeas courts review questions of law and mixed questions of law and fact under section 2254(d)(1). Pure questions of fact are reviewed under section 2254(d)(2). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 122 S.Ct. 194 (2001).

A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court

identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523. To be unreasonable, the application of clearly established federal law must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). The standard is one of "objective reasonableness." *Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2220 (2001), *quoting Williams*, 120 S.Ct. at 1521-22 (O'Connor, J., concurring). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

Petitioner was charged with intoxication manslaughter in connection with an automobile accident resulting in the death of Nicole Prevatte. The accident occurred when Prevatte and her husband drove their car onto the shoulder of I-635 to fix a trailer. At the same time, petitioner was traveling in the same direction in the far right lane of the highway. The accident occurred when petitioner maneuvered his car onto the shoulder of the road, striking the trailer and causing the roof to fly off. Pravette died as a result of blunt force injuries caused when she was struck by the roof of the trailer. A blood test performed on petitioner following the accident showed that he had cocaine in his system.

After both sides rested and closed, the trial court found that petitioner did not act recklessly-- an essential element of intoxication manslaughter. Instead, the court convicted petitioner of criminally negligent homicide and found that a deadly weapon was used in the commission of the offense. In his federal writ, petitioner contends that the evidence adduced at trial was insufficient to support his conviction.

1.

To the extent petitioner challenges the factual sufficiency of the evidence, his claim is not cognizable on federal habeas review. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14 (citing cases). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases).

2.

Federal habeas review of a legal sufficiency claim is extremely limited. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 99 S.Ct. at 2789; *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781. This

standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990).

Federal courts are bound by state statutes and case law in determining the elements of an offense. *See Foy v. Donnelly*, 959 F.2d 1307, 1314 (5th Cir. 1992). Under Texas law, a person commits the offense of criminally negligent homicide if he causes the death of an individual by criminal negligence. TEX. PENAL CODE ANN. § 19.05(a) (Vernon 2003). A person acts with criminal negligence with respect to the circumstances surrounding his conduct or the result of his conduct:

> when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

*Id.* § 6.03(d).

The gravamen of petitioner's legal sufficiency claim is that the state failed to prove he operated his car with criminal negligence because he merely swerved onto the shoulder of the highway to avoid a board in the road, he was not under the influence of cocaine at the time of the accident, and he did not drive at an excessive rate of speed. (*See* Pet. Mem. Br. at 2-3). At trial, three different witnesses testified there was no debris or obstruction in the far right lane of the highway prior to the accident. (SF-II at 42, 61, 65, 77, 80). Nor did Dallas police investigators find any board or debris in the road. (*Id.* at 108-09, 163-64). Godwin Egboba-Waye, an eyewitness to the accident, testified that petitioner drove on the shoulder of the highway in an attempt to get around another car. (*Id.* at 61). According to Egboba-Waye, traffic was "pretty light" and petitioner was traveling at top speed, "going faster than every other vehicle around that very location." (*See id.* at 56-58, 60, 64). A toxicologist testified that blood drawn from petitioner immediately after the

accident showed 0.06 milligrams per liter of cocaine in his system. (*Id.* at 170). Although this is a small amount of cocaine, the toxicologist explained that it means petitioner had ingested the drug on the day his blood sample was taken. (*Id.* at 170-71). Petitioner offered contrary evidence at trial, including a defense toxicologist who testified that the amount of cocaine found in petitioner's blood was "not compatible with any kind of observable intoxication effects" (*see id.* at 181), and his own testimony that he swerved onto the shoulder of the road to avoid hitting a board (*see id.* at 213). However, the trial court found otherwise and convicted him of criminally negligent homicide.

On direct appeal, the state court held that:

> A rational trier of fact could conclude there was no board in the road and that appellant was driving in the shoulder at a high rate of speed in an attempt to pass another vehicle. A rational trier of fact could further conclude that appellant ought to have been aware that his conduct created a substantial and unjustifiable risk that someone could be killed.

*Harvey*, 2005 WL 1744941 at *2. Petitioner has failed to show that this decision is contrary to federal law or unreasonable in light of the evidence presented at trial. *See Hereford v. Cockrell*, No. 3-03-CV-0566-M, 2003 WL 21999497 at *3 (N.D. Tex. Aug. 21, 2003), *rec. adopted*, 2003 WL 22387573 (N.D. Tex. Oct. 16, 2003), *COA denied*, No. 03-11181 (5th Cir. Apr. 23, 2004), *citing United States v. Nguyen*, 8 F.3d 477, 480 (5th Cir.1994) (credibility issues are decided by trier of fact). Consequently, this ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2008.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE